NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California   90071
(213) 488-9411   FAX:  (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:25-bk-10617-MB |
| | ) |
| HOVHANNES NAZARYAN, | ) Chapter 7 |
| | ) |
| Debtor. | ) SUPPLEMENTAL OPPOSITION TO |
| | ) MOTION FOR RELIEF FROM THE |
| | ) AUTOMATIC STAY UNDER 11 |
| | ) U.S.C. §362 (REAL |
| | ) PROPERTY); DECLARATION IN |
| | ) SUPPORT |
| | ) |
| | ) DATE: July 16, 2025 |
| | ) TIME: 11:00 a.m. |
| | ) CTRM: 303 |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY

JUDGE, UNITED STATES TRUSTEE, MOVANT, MOVANT'S COUNSEL, AND OTHER

INTERESTED PARTIES:

Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the

estate (the "Estate") in the above-referenced case (the "Case") of

debtor Hovhannes Nazaryan ("Debtor"), files this supplemental

opposition (the "Supplemental Opposition") to (a) the Notice of

Motion and Motion for Relief from the Automatic Stay under 11

U.S.C. §362 (Real Property) (the "RFS Motion") [dkt. no. 37] filed

by creditor Mehran Javaherian ("Movant") and (b) Movant's reply

(the "Reply") [dkt. no. 56] to Trustee's opposition to the RFS

Motion (the "Opposition") [dkt. no. 52].

Nazaryan\suppopp.001

Pursuant to Local Bankruptcy Rule 9013-1(g), any reply to the Supplemental Opposition must be filed with the Court and served on Trustee no later than 7 days prior to the continued hearing on the RFS Motion, currently noticed for July 16, 2025 at 11:00 a.m. (the "Continued Hearing").

## I. INTRODUCTION

The Court should deny the RFS Motion and approve the Sale Motion to allow Trustee's orderly liquidation of the Real Property to benefit secured and unsecured creditors.

The Estate has equity in the Real Property as a result of the carve-out/assignment documented in Trustee's stipulation with the senior lienholder. Consequently, Movant cannot meet the statutory burden that requires him to prove that the Estate has no equity in the Real Property.

The Court has discretion to determine that cause does not exist for relief from stay. Movant is adequately protected because the secured portion of Movant's claim will be paid in full by the sale within a short time period after the hearing.

## II. CURRENT STATUS OF CASE ADMINISTRATION

Trustee is administering assets of the Estate, including the subject real property commonly known as 24366 La Masina Court, Calabasas, California 91302 (the "Real Property") that is property of the Estate and the subject of the RFS Motion.

On June 17, 2025, this Court conducted a hearing on the RFS Motion (the "Initial Hearing") and set the Continued Hearing for the RFS Motion. The Court also made the date and time of the Continued Hearing available for hearing (the "Sale Hearing") on the Sale Motion (defined below).

2.

Nazaryan\suppopp.001

The date of the Continued Hearing allows time for Trustee's filing of this Supplemental Opposition and Movant's filing of a supplemental reply pursuant to the Local Bankruptcy Rules.

On June 25, 2025, the Court entered the default judgment against joint tenant Artur Nazaryan [the "Default Judgment"] [adv. dkt. no. 13] in adversary proceeding no. 1:25-ap-01025-MB (the "Adversary Proceeding"). The Default Judgment authorizes Trustee to sell the Real Property in its entirety in accordance with the provisions of 11 U.S.C. §§363(b) and (h).

On June 25, 2025, Trustee filed the motion to sell the Real Property (the "Sale Motion") [dkt. no. 63] with related notices [dkt. nos. 64-67]. The proposed sales price is $4,675,000.00 (the "Sales Price"), subject to overbid. Trustee proposes to sell the Real Property free and clear of all liens and interests, with the exception of the Los Angeles County HERO Lien (the "L.A. HERO Lien") that proposed buyer ("Buyer") will assume pursuant to the terms of the L.A. HERO Lien. Trustee is informed that all of the lienholders, except for Movant, are expected to consent to Trustee's proposed sale.

From the Sales Price there is equity for the Estate in the amount of $78,382.31 (the "Estate Equity"). Trustee negotiated the carve-out/assignment that is memorialized in that certain stipulation (the "LAPFCU Stipulation") [dkt. no. 46] between Trustee and senior judgment creditor Los Angeles Police Federal Credit Union ("LAPFCU") and that created the Estate Equity. On June 13, 2025, the Court entered that certain order approving the LAPFCU Stipulation (the "LAPFCU Order") [dkt. no. 57].

. . . . .

3.

Nazaryan\suppopp.001

Trustee will set aside the amount of $40,000.00 (51%) for distribution to unsecured creditors from the Estate Equity of $78,382.31.  The Sale Motion includes proposed distributions from the sale to lienholders, including Movant.  The distribution to Movant from the Sales Price is estimated at approximately $1,171,051.01.  This distribution, when added to the prior payment of $12,000.00 that Movant admits he received on or about August 23, 2023 [see paragraph 5 of Movant's declaration attached to the Reply]  is nearly the full principal of $1,200,000.00 stated in Movant's deed of trust (the "Second TD") and the RFS Motion.

The sale escrow is to close on the first business day that is at least 15 days after the Court's entry of its order approving the Sale Motion (the "Sale Order").

<strong>III.  ARGUMENT</strong>

**A.   <u>Movant Does Not Satisfy the Requirement for Relief from Stay Pursuant to 11 U.S.C. §362(d)(2)</u>**

The granting of relief from stay pursuant to 11 U.S.C. §362(d)(2) requires that neither Debtor nor the Estate have  equity in the subject property; and that the property is not necessary to an effective reorganization.  In Chapter 7, the second prong of this requirement, regarding an effective reorganization, is inapplicable because the Real Property is to be liquidated.

Nonetheless, a showing that the Estate has equity defeats the first prong of the requirement of 11 U.S.C. §362(d)(2).  That is the case here.

**1.   The Estate has Equity in the Real Property Preventing Relief from Stay Pursuant to 11 U.S.C. §362(d)(2)**

The existence of the Estate Equity of $78,362.31 prevents

4.

Movant from obtaining relief from stay pursuant to 11 U.S.C. §362(d)(2). In the instant case, the question of "equity" under 11 U.S.C. §362(d)(2), is whether the Estate has equity in the Real Property. It does.

Upon the petition date of April 14, 2025 (the "Petition Date"), the Real Property became property of the Estate pursuant to 11 U.S.C. §541 and Debtor no longer had an interest in the Real Property; the interest became that of the Estate. Trustee negotiated the carve-out/assignment with LAPFCU that created the Estate Equity. Consequently, in analyzing 11 U.S.C. §362(d)(2), "equity" must be evaluated as the Estate Equity of $78,382.31.

Movant has the burden of proof on the issue of equity in the Real Property under 11 U.S.C. §362(g). Movant cannot show that the Estate does not have equity in the Real Property. The existence of the Estate Equity in the instant case is not dependent on the exact valuation of the Real Property.

For purposes of the RFS Motion, evidence of the Estate Equity is provided by the Sale Motion, the LAPFCU Stipulation, and the LAPFCU Order.

There are few cases that address the granting or denial of a motion for relief from stay where a chapter 7 trustee opposes such a motion. Generally, when a trustee administers a real property where the debtor has no homestead exemption, such as in the instant case, the lienholders cooperate to achieve the maximum recovery possible under the circumstances, even if reductions are required. The instant case is an anomaly.

Trustee is informed that all lienholders, except Movant, support and consent to the proposed sale. Even the United States,

5.

Nazaryan\suppopp.001

whose restitution lien is entirely unsecured, will benefit by Trustee's sale as it provides funds in which the United States, as the holder of an unsecured claim, will share.

The instant case presents a scenario where Trustee has created the Estate Equity through Trustee's efforts in administration of the Case according to Trustee's business judgment. Thus, there is equity for the Estate in the Real Property.

**2.    Case Law Supports the Court's Recognition of the Estate Equity as a Product of Trustee's Efforts**

The instant case can be analogized to another bankruptcy case in which the chapter 7 trustee prevailed in her opposition to a motion for relief from stay where the trustee discovered or created equity in the subject property in contradiction to the valuation presented by the movant.

In the case of *In re Lakeside Dev., LLC*, 2012 Bankr. LEXIS 695*; 2012 WL 619071 (Bankr. D. S.C. 2012), the chapter 7 trustee opposed a  bank's motion for relief from stay under 11 U.S.C. §362(d)(2). The court ruled in favor of the trustee and denied the motion. The court held that the trustee should have an opportunity to market and sell the subject property consisting of three vacant parcels where it appeared there could be value for creditors other than the mortgage holders. The trustee discovered or created value in the subject property by exercising her business judgment to market and sell the parcels separately instead of in a single transaction to one purchaser. The court also noted support from a participating bank and secured creditor in trustee's efforts to sell the subject property rather than allowing the movant bank to foreclose.

6.

Nazaryan\suppopp.001

The movant bank presented an appraisal to support movant's valuation of the subject property at less than the amount of debt secured by movant's lien.  However, the court found that movant did not meet its burden under 11 U.S.C. §363(g).  Instead, the court denied the motion for relief from stay and allowed the trustee the opportunity to market and sell the real property, emphasizing trustee's discovery or creation of equity in the property through trustee's efforts to sell the parcels separately instead of as a single unit.

In reaching its decision, the court in *Lakeside* favored trustee's business judgment, recognized the value trustee brought by her method of marketing and sale of the property, and recognized that trustee's sale would render an orderly liquidation for the benefit of secured and unsecured creditors out of an otherwise chaotic situation that would only benefit a single secured creditor.

The similarity of the instant case to *Lakeside* requires the Court to consider the value conferred by Trustee's administration of the Real Property.  Trustee's exercise of her business judgment created the Estate Equity, similar to what the *Lakeside* trustee did by creating equity through an alternative method of marketing and sale of the real property in that case.  The circumstances of *Lakeside* compare to the instant case because the court faced an orderly liquidation by the trustee that would benefit both secured and unsecured creditors rather than a chaotic rush to foreclosure by the movant.

In the instant case, Trustee already exercised Trustee's opportunity to market the Real Property.  The result is the Estate

7.

Nazaryan\suppopp.001

Equity and the Sale Motion. The Sale Hearing coincides with the Continued Hearing. Upon the Court's entry of the Sale Order, the Estate Equity will be liquidated and funds deposited in the Estate bank account for disbursement to creditors with allowed unsecured claims in the Case. Movant is not entitled to a "windfall" by racing to the courthouse steps to foreclose on the Real Property ahead of the orderly sale that Trustee is ready to close for the benefit of the Estate and ALL of its creditors.

It is unquestionable that the Estate Equity will benefit the Estate and its unsecured creditors as neither Debtor nor any junior lienholder, including Movant, can claim any portion of the Estate Equity. *See In re Bunn-Rodemann*, 491 B.R. 132 (Bankr. E.D. Cal. 2013); *In re Brown*, 2015 Bankr. LEXIS 1026* (Bankr. E.D. Mich. 2015); *In re Diener*, 2015 Bankr. LEXIS 2235* (Bankr. N.D. Ga. 2015); *In re Stark*, 2020 Bankr. LEXIS 2520 (Bankr. E.D. N.Y. 2020); and *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (BAP 9th Cir. 2008) (BAP affirmed bankruptcy court's holding that the junior creditor's lien did not attach to the carve-out payment that the priority lienholder made to trustee).

**B.    Cause Does Not Exist for the Court to Grant Movant Relief from the Automatic Stay to Foreclose on the Real Property**

**1.    The Court Has Discretion to Determine if Cause Exists**

The RFS Motion also seeks relief from the automatic stay "for cause" to foreclose on the Real Property based on 11 U.S.C. §363(d)(1). The Court can exercise its discretion in determining what constitutes cause and whether cause exists based on the circumstances of the individual case. "Whether there is cause under 11 U.S.C. §362(d)(1) to grant relief from the automatic stay

8.

is a matter within the discretion of a bankruptcy court and is decided on a case-by-case basis. [citations omitted]" *In re Blunkall*, 2020 Bankr. LEXIS 1018*, *3; 2020 WL 1868492 (Bankr. E.D. Cal. 2020).

It is within the Court's discretion to approve Trustee's sale of the Real Property and deny the RFS Motion.  The sale will result in payment to secured creditors and will convert the Estate Equity into liquid funds in the Estate bank account that will provide a source of funds for a prospect of meaningful distribution to creditors with allowed, unsecured claims in the Case.

**2.   Cause Does Not Exist Because Movant is Adequately Protected by Trustee's Sale of the Real Property that Will Pay the Secured Portion of Movant's Claim in Full**

In the instant case, Movant's claim is partially secured (the "Secured Portion") and partially unsecured (the "Unsecured Portion") pursuant to 11 U.S.C. §506(a)(1) that provides:

> An allowed claim of a creditor secured by a lien on property in which the estate has an interest . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property . . . and is an unsecured claim to the extent that the value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property, and in conjunction with any hearing on such disposition or use or on a plan affecting such creditor's interest.

Thus, as long as the Secured Portion is paid in full through the pending sale, Movant is adequately protected.  Movant can file a proof of claim for the Unsecured Portion as a general, unsecured claim in the Case.

The current market value of the Real Property is reflected by the Sales Price of $4,675,000.00, subject to overbid.  The Secured

9.

Portion is limited to the value of the Real Property remaining after deducting all senior debt secured by the Real Property, including the Estate Equity created by the LAPFCU Stipulation and the LAPFCU Order, and after deducting "the reasonable, necessary costs and expenses of preserving, or disposing of" the Real Property, including, without limitation, the property tax, the homeowner association fees, the broker commissions, other closing costs, and additional administrative fees and expenses of the Estate related to preservation and disposition of the Real Property. *See* 11 U.S.C. §506(c).

In the instant case, the Sale Hearing will be held at the same time as the Continued Hearing.  Upon entry of the Sale Order and close of the sale escrow approximately 15 days later, Movant will receive payment in full of the Secured Portion of Movant's claim. Movant can file a proof of claim for the Unsecured Portion of Movant's claim.  Thus, there is no issue of "adequate protection" under the facts of this Case because Movant will be paid the full amount of the Secured Portion within a short time period.

Further, Movant is adequately protected by Trustee's administration of the Real Property that includes preserving, maintaining, and insuring the Real Property until Trustee can complete the pending sale to Buyer for the Sales Price or to Highest Bidder for Highest Bid to be determined at the Sale Hearing on July 16, 2025.

. . . . .

. . . . .

. . . . .

. . . . .

10.

Nazaryan\suppopp.001

**3.    Movant's Consent is Not Required and Movant Can be Compelled to Accept the Secured Portion from Trustee's Sale of the Real Property pursuant to 11 U.S.C. §363(f)(5)**

In the Reply, Movant argues that Movant will not consent to Trustee's sale of the Real Property under 11 U.S.C. §363(f)(2) and, consequently, asserts that Trustee cannot sell the Real Property free and clear of Movant's lien under 11 U.S.C. §363(f).  Movant ignores the effect of 11 U.S.C. §§363(f)(5) and 506(a) that were discussed at length at the Initial Hearing.

In the Sale Motion, Trustee provides a thorough discussion of the application of 11 U.S.C. §§363(f)(5) and 506(a) to the instant sale, distinguishes the instant case from *Clear Channel Outdoor, Inc. v. Knupfer (In re PW, LLC)*, 391 B.R. 25 (BAP 9th Cir. 2008), and provides other case decisions that support this Court's approval of the proposed sale over any objection from Movant by applying 11 U.S.C. §§363(f)(5) and 506(a).  Trustee includes some of that discussion below for the Court's convenience.

Pursuant to 11 U.S.C. §363(f)(5), Movant, in a hypothetical judicial or non-judicial foreclosure sale under California state law, or pursuant to a tax lien sale under applicable state or federal law, could be compelled to accept a money satisfaction for the Second TD.  These types of sales satisfy the requirement for a legal or equitable proceeding as set forth in 11 U.S.C. §363(f)(5).

Case law supports this application of 11 U.S.C. §363(f)(5) to the instant case.  *See In re Jolan,* 403 B.R. 866 (Bankr. W.D. Wash. 2009).  The Court in *Jolan*, over the objection of secured parties, concluded that *Clear Channel Outdoor, Inc. v. Knupfer (In*

11.

Nazaryan\suppopp.001

re PW, LLC), 391 B.R. 25 (BAP 9th Cir. 2008) "does not preclude a §363(b) sale free and clear for an amount less than enough to satisfy all liens" and authorized an auction sale of personal property by the chapter 7 trustee. 403 B.R. at 866-67.

The Court in *Jolan* thoroughly discusses and distinguishes the 9th Circuit BAP's decision in *In re PW, LLC* and points out that the panel only considered a few hypotheticals in which a lienholder could be compelled to accept a money satisfaction of its interest before holding that the availability of cramdown under §1129 does not satisfy §363(f)(5). 403 B.R. 868-69.

> "The Panel nowhere addresses non-contractual mechanisms whereby a lienholder might get less than full payment yet lose the lien. In fairness, the appellees defending the sale free and clear did not even argue that there were any qualifying legal or equitable proceedings beyond cramdown under §1129. Appellees' briefs to the Panel cite no state statutes, nor any federal statutes but the Bankruptcy Code, nor any cases considering non-bankruptcy legal or equitable procedures which might serve." *Id.* at 869.

The Court in *Jolan* describes other examples, such as foreclosure sales involving real property.

Another persuasive case, *In re Boston Generating, LLC*, 440 B.R. 302 (Bankr. S.D.N.Y. 2010), declined to follow *In re PW, LLC* and cited *Jolan* for the proposition that "the existence of judicial and nonjudicial foreclosure and enforcement actions under state law can satisfy section 363(f)(5)." 440 B.R. at 333.

The bankruptcy court in *Boston Generating* went on to explain that numerous legal and equitable procedures exist by which junior lienholders could be forced to accept less than full payment of their debt and held that because they could be compelled under state law to accept general unsecured claims to the extent the sale proceeds are not sufficient to pay their claims in full, section

12.

363(f)(5) was satisfied. *Id.*

*See, also, In re Hassen Imps. P'ship* 502 B.R. 851 (Dist. C.D. Cal. 2013) (district court reversed sale order because appellant's interest was a restrictive use covenant or equitable servitude that could not be satisfied by a monetary payment, in contrast to a lien that could be foreclosed and would be compelled to accept a money satisfaction in the form of any remaining sale proceeds from a foreclosure sale).    The District Court in the *Hassen* case extensively discussed *In re PW, LLC*, *In re Jolan*, and *In re Boston Generating, LLC* and described distinctions between junior liens or interests that could be compelled to accept a money satisfaction and those that could not, like an equitable servitude or covenant related to real property.

In the instant case, under a legal or equitable proceeding such as a judicial or non-judicial foreclosure sale or tax lien sale, Movant could be compelled to accept a money satisfaction in an amount less than the full amount of the debt Movant asserts is related to the Second TD.    Consequently, 11 U.S.C. §363(f)(5) applies in the instant case and this Court should deny the RFS Motion and approve the Sale Motion.

### IV.   CONCLUSION

Trustee respectfully requests that the Court deny the RFS Motion, with prejudice, to allow Trustee to proceed with the Sale Motion and sale of the Real Property to Buyer for the Sales Price or to Highest Bidder for the Highest Bid approved by the Court at the Sale Hearing.

DATED: July 2, 2025                          /s/Nancy Hoffmeier Zamora
                                             Nancy Hoffmeier Zamora
                                             Chapter 7 Trustee

13.

Nazaryan\suppopp.001

## **DECLARATION OF NANCY HOFFMEIER ZAMORA**

I, Nancy Hoffmeier Zamora, declare that:

1.    I am the duly-appointed, qualified, acting, and permanent chapter 7 trustee in the above-entitled case.  I am over the age of 18 years.

2.    The following is within my own personal knowledge and, if called upon to testify, I could and would testify competently thereto.  The capitalized terms used herein have the meanings ascribed to them in the Supplemental Opposition to Motion for Relief from the Automatic Stay Under 11 U.S.C. §362 (Real Property) (the "Supplemental Opposition") to which this declaration is attached unless otherwise defined.

3.    I reviewed the docket, pleadings filed in the Case and the Adversary Proceeding, the claims register, real property documents, and other documents related to the subject of the RFS Motion, the Opposition, the Reply, and the Supplemental Opposition.

4.    On June 25, 2025, the Court entered the Default Judgment in the Adversary Proceeding.  The Default Judgment authorizes me to sell the Real Property in its entirety in accordance with the provisions of 11 U.S.C. §§363(b) and (h).

5.    On June 25, 2025, I filed the Sale Motion with related notices.  The Sales Price is $4,675,000.00, subject to overbid.  I propose to sell the Real Property free and clear of all liens and interests, with the exception of the L.A. HERO Lien that Buyer will assume pursuant to the terms of the L.A. HERO Lien.  I am informed that all of the lienholders, except for Movant, are expected to consent to my proposed sale.

6.    I   negotiated   the   carve-out/assignment   that   is

14.

Nazaryan\suppopp.001

memorialized in the LAPFCU Stipulation and that created the Estate Equity of $78,382.31 to be paid from the Sales Price.  On June 13, 2025, the Court entered the LAPFCU Order.

7.  I propose that the amount of $40,000.00 (51%) be set aside for distribution to unsecured creditors from the Estate Equity of $78,382.31.

8.  The Sale Motion includes the proposed distributions from the sale to lienholders, including Movant.  The distribution to Movant from the Sales Price is estimated at approximately $1,171,051.01.  This distribution, when added to the prior payment of $12,000.00 that Movant admits he received on or about August 23, 2023 [see paragraph 5 of Movant's declaration attached to the Reply]  is nearly the full principal of $1,200,000.00 stated in the Second TD and the RFS Motion.

9.  The sale escrow is to close on the first business day that is at least 15 days after entry of the Sale Order.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 2, 2025 at Los Angeles, California.

Nancy Hoffmeier Zamora

15.

Nazaryan\suppopp.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 9007

A true and correct copy of the foregoing document entitled (*specify*):

**SUPPLEMENTAL OPPOSITION TO MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. §362 (REAL PROPERTY); DECLARATION IN SUPPORT**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 2, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov
Trustee: Nancy Zamora, zamora3@aol.com, nzamora@ecf.axosfs.com
Counsel for Debtor: Anita Khachikyan, ak@khachlaw.com
Counsel for Creditors': Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com, katya@averlaw.com, jesus@averlaw.com; Sanaz Sarah Bereliani, berelianilaw@gmail.com, chris@berelianilaw.com, r48595@notify.bestcase.com; Shannon A. Doyle, sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com; Bruce P. Needleman, attybpn@aol.com; Elan S. Levey, elan.levey@usdoj.gov, julie.morales@usdoj.gov, caseview.ecf@usdoj.gov, usacac.tax@usdoj.gov
Counsel for Defendant Vanecian: Michael G. D'Alba, mgd@lnbyg.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 2, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's copy waived per Judge's procedures

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 2, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 2, 2025 | Cynthia Casas | /s/ Cynthia Casas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                          **F 9013-3.1.PROOF.SERVICE**