NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California   90071
(213) 488-9411   FAX:  (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | ) Case No. 1:25-bk-10617-MB |
| | ) |
| HOVHANNES NAZARYAN, | ) Chapter 7 |
| | ) |
| Debtor. | ) STIPULATION BY AND BETWEEN |
| | ) TRUSTEE AND CREDITOR MEHRAN |
| | ) JAVAHERIAN TO RESOLVE SALE |
| | ) MOTION AND MOTION FOR |
| | ) RELIEF FROM STAY |
| | ) |
| | ) DATE:  July 16, 2025 |
| | ) TIME:  11:00 a.m. |
| | ) CTRM:  303 |

This stipulation (the "Stipulation") is entered into by and between Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the bankruptcy estate (the "Estate") in the above-captioned case (the "Case") of debtor Hovhannes Nazaryan ("Debtor"), and creditor Mehran Javaherian ("Creditor").

**RECITALS**

A.   On April 14, 2025 (the "Petition Date"), Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code commencing the Case.

B.   Trustee is the duly appointed, permanent, and acting Chapter 7 Trustee for the Estate.

C.   The assets of the Estate include that certain residential real property improved with a single-family residence commonly

Nazaryan/stip. to resolve motions.                     1

known as 24366 La Masina Court, Calabasas, California, 91302, identified as Los Angeles County Assessor's Parcel Number 2069-033-066 (the "Real Property") and certain personal property at the Real Property described in Debtor's schedules (the "Schedules") [dkt. no. 1] as "used housing goods" (the "Personal Property"). Debtor valued the Real Property at $2,800,000.00 and claimed an exemption of $36,750.00 (the "Real Property Exemption"). Debtor valued the Personal Property at $1,000.00 and claimed an exemption in the Personal Property of $1,000.00 (the "Personal Property Exemption"). Debtor has no equity in the Real Property and, consequently, there are no funds to which the Real Property Exemption applies.

D.    Creditor is owed debt secured by the second deed of trust (the "Second TD") in the original principal amount of $1,200,000.00 recorded on July 13, 2023 as instrument no. 20230460230 of Official Records of the Recorder's Office, County of Los Angeles, for the benefit of Creditor. Creditor contends that he is owed $1,678,645.60 as of May 15, 2025.

E.    On April 22, 2025, Debtor filed a motion to compel abandonment of the Real Property (the "Debtor's Abandonment Motion") [dkt. no. 14].    On May 9, 2025, Trustee filed an opposition to the Debtor's Abandonment Motion (the "Opposition to Debtor's Abandonment Motion") [dkt. no. 21].    On May 11, 2025, Creditor filed a statement of position [dkt. no. 25] related to the Debtor's Abandonment Motion indicating that Creditor did not consent to any surcharge.    On May 13, 2025, the Court held an initial hearing on the Debtor's Abandonment Motion and continued the hearing to July 15, 2025 and then to July 16, 2025.

F.    Trustee negotiated a carve-out/assignment related to that

Nazaryan/stip. to resolve motions.    2

certain abstract of judgment (the "LAPFCU Lien") secured by the Real Property in the amount of $78,382.31 (subject to additional interest and costs) for the benefit of the Estate that is memorialized in that certain stipulation (the "LAPFCU Stipulation") [dkt. no. 46] between Trustee and senior judgment creditor Los Angeles Police Federal Credit Union ("LAPFCU") filed on June 2, 2025. On June 13, 2025, the Court entered that certain order approving the LAPFCU Stipulation (the "LAPFCU Order") [dkt. no. 57].

G. On June 9, 2025, creditor United States of America ("USA") filed that certain Stipulation Between United States of America and Mehran Javaherian for Payment of Release of Liens (the "USA Stipulation") [dkt. no. 54]. The USA Stipulation provides that Javaherian shall tender a payment of $25,000.00 to USA (the "USA Payment") within three business days of entry of an order approving the USA Stipulation. The Court has not yet entered an order approving the USA Stipulation.

H. On May 27, 2025, Creditor filed that certain Notice of Motion and Motion for Relief from the Automatic Stay under 11 U.S.C. §362 (Real Property) (the "RFS Motion") [dkt. no. 37]. Trustee filed an opposition to the RFS Motion (the "Trustee Opposition") [dkt. no. 52] and creditor filed a reply to the Trustee Opposition (the "Creditor Reply") [dkt. no. 56]. On June 17, 2025, the Court held an initial hearing on the RFS Motion and continued the hearing to July 16, 2025. On July 2, 2025, Trustee filed a supplemental opposition (the "Supplemental Opposition") [dkt. no. 80] and on July 9, 2025, Creditor filed a supplemental reply (the "Supplemental Reply") [dkt. no. 90].

Nazaryan/stip. to resolve motions.    3

I.    On June 25, 2025, the Court entered the default judgment against joint tenant Artur Nazaryan [the "Default Judgment"] [adv. dkt. no. 13] in adversary proceeding no. 1:25-ap-01025-MB (the "Adversary Proceeding").  The Default Judgment authorizes Trustee to sell the Real Property in its entirety in accordance with the provisions of 11 U.S.C. §§363(b) and (h).  There is no equity in the Real Property for defendant Artur Nazaryan ("Artur").

J.    On June 25, 2025, Trustee filed that certain Motion for Order Authorizing Trustee to Sell Real Property Free and  Clear of Liens and Interests (Except L.A. County HERO Lien), Subject to Overbid,  and  Approving  Surcharge  for  Administrative  Fees  and Expenses Per 11 U.S.C. §506(c) (the "Sale Motion") [dkt. no. 63] noticed for hearing on July 16, 2025.  On July 2, 2025, Creditor filed an opposition to the Sale Motion (the "Creditor Opposition") [dkt. no. 79] and on July 9, 2025, Trustee filed a reply to the Creditor Opposition (the "Trustee Reply") [dkt. no. 91].  On July 16, 2025, the Court held a hearing on the Sale Motion (the "Sale Hearing").  The Court did not approve the Sale Motion and, at the Court's direction during the Sale Hearing, Trustee and Creditor met and  conferred  to  resolve  their  differences  regarding  the  Sale Motion and the RFS Motion.

K.    Trustee and Creditor agreed on terms for a settlement of their  dispute  and  stated  on  the  record  the  outline  of  such  a settlement  subject  to  memorialization  in  this  Stipulation  to  be filed with and approved by the Court through the entry of an order approving the Stipulation.

.  .  .  .  .

.  .  .  .  .

**STIPULATION**

WHEREFORE, Trustee and Creditor agree and stipulate as follows:

1. All of the Recitals set forth above are included in this Stipulation by this reference.

2. Creditor shall tender to Trustee, by wire transfer to the Estate bank account, the settlement payment of $120,000.00 (the "Settlement Payment"). Trustee has provided Creditor's counsel with wire instructions. The Settlement Payment by Creditor shall be in exchange for Trustee's release and transfer to Creditor of the Estate's right, title and interest in the Real Property (including the right to transfer Artur's interest pursuant to the Default Judgment and 11 U.S.C. §363(h)) and the Personal Property (the "Transfer") and for satisfaction of the Estate's expenses and fees incurred for preservation and disposition of the Real Property and the Personal Property as provided by 11 U.S.C. §506(c) (the "Section 506(c) Fees and Expenses"). Within 24 business hours of the Court's entry of an order approving this Stipulation (the "Order"), Creditor shall tender the initial installment of $30,000.00 (the "Initial Installment") of the Settlement Payment. Within 48 business hours of the Order becoming final and non-appealable, Creditor shall tender the final installment of $90,000.00 (the "Final Installment") of the Settlement Payment. The Transfer is free and clear of all liens and encumbrances except Los Angeles County real property taxes, homeowner association fees, the LAPFCU Lien, the first trust deed of AmWest Funding Corp., and the restitution lien of the USA.

3. If Creditor defaults on timely tender of the Initial

Installment, Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion.  If Creditor defaults on timely tender of the Final Installment, Trustee shall be entitled to retain the Initial Installment as liquidated damages and Trustee shall be entitled to sell the Real Property on the terms set forth in the Sale Motion.

4.    Trustee shall set aside a minimum of $40,000.00 of the Settlement Payment for distribution to creditors with timely-filed allowed priority and general unsecured claims in the Case.

5.    Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, Creditor shall have relief from the automatic stay to exercise his state law rights, including those provided by the Second TD.

6.    Debtor's Abandonment Motion is moot.

7.    Upon entry of the Order, the USA Stipulation is approved in its entirety by the Court and Creditor shall tender the USA Payment of $25,000.00 pursuant to the terms of the USA Stipulation and USA shall record a release of the USA restitution lien as to the Real Property only and shall do so within 10 days of receipt of the USA Payment.

8.    Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, the LAPFCU Stipulation shall be of no further force and effect as the condition subsequent, i.e., entry of the Court's order approving sale of the property was not satisfied, and the LAPFCU Lien shall be unaffected.

9.    The Personal Property Exemption shall be deemed allowed and Debtor shall not amend the amount of the Personal Property

Nazaryan/stip. to resolve motions.                6

Exemption. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, Trustee is authorized to issue an Estate check in the amount of $1,000.00 made payable to Debtor and sent to the office address of Debtor's counsel of record in the Case. Debtor shall have no other exemption in the Settlement Payment based on applicable statutes and case law discussed in the Opposition to Debtor's Abandonment Motion, the Sale Motion, the Trustee Reply, the Trustee Opposition, and the Supplemental Opposition.

10. Trustee shall cancel the pending sale escrow for the Real Property and is authorized to instruct Mission Escrow to release the proposed buyer's earnest money deposit to the proposed buyer.

11. Upon entry of the Order and Trustee's receipt of the Initial Installment, Trustee shall issue an Estate check to The ONE Luxury Properties ("Estate Broker") for a commission of 2% of the Settlement Payment consistent with the broker employment order entered May 14, 2025 [dkt. no. 28].

12. Upon entry of the Order, Trustee shall be authorized to turn over the keys for the Real Property (the "Keys") and Estate Broker's video of the Personal Property (the "Video") to Creditor by 5:00 p.m. on the first business day after entry of the Order, and cancel insurance, utilities, pool service, and gardening service for the Real Property. Upon entry of the Order and turnover of the Keys and the Video to Creditor, Creditor shall assume all responsibility for insurance, security, utilities, pool service, gardening service, other maintenance, and preservation of the Real Property and the Personal Property.

13. Upon entry of the Order and Trustee's receipt of the

Nazaryan/stip. to resolve motions. 7

Initial Installment, Trustee shall be authorized to issue Estate checks for the following Section 506(c) Fees and Expenses:

a.   Locksmith charge of $629.00 to be paid to City One Locksmith;

b.   Pool service charges of $750.00 to be paid to Valley Preferred Services (Jose Ruiz);

c.   Clean-up and gardening charges of $6,355.00 to be paid to Gerardo Gonzalez;

d.   Insurance premiums to be paid to Trustee Insurance Agency, Inc. in the amount of approximately $12,281.58 but in a final amount to be determined upon cancellation of the insurance policy;

e.   Electricity bill(s) to be paid to Southern California Edison in  amounts to be determined upon cancellation of the utility service, with final bill(s) and confirmation of payment, to be provided to Creditor contemporaneously with payment;

f.   Water bill(s) to be paid to Las Virgenes Water District in amounts to be determined upon cancellation of the utility service, with final bill(s) and confirmation of payment, to be provided to Creditor contemporaneously with payment; and

g.   Reimbursement to Zamora & Hoffmeier, A Professional Corporation for expenses advanced in the amount of $7,428.39.

14. Creditor may file a proof of claim in the Case for a secured claim in the amount of $1,678,645.60 plus any additional interest and attorney's fees for the months of June and July 2025

Nazaryan/stip. to resolve motions.                              8

but Creditor shall not amend such claim to be partially unsecured and such claim shall not share in any distribution from funds in the Estate (the "Secured Claim").  Creditor may file a proof of claim for an unsecured claim in the amount of $120,000.00, but Creditor shall not amend such claim unless it is to reduce the amount or withdraw such claim (the "Unsecured Claim").  Trustee will not object to the Secured Claim or the Unsecured Claim.  The Unsecured Claim will share pro rata with other timely-filed, allowed general unsecured claims in the Case for the distribution of funds in the Estate available for such claims.

15.  This Stipulation was negotiated at "arm's-length" and is a good faith settlement of the disputes between Trustee and Creditor.

16.  Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, and except for the obligations and rights expressly set forth in this Stipulation, in consideration for the promises, agreements and covenants made in this Stipulation and upon satisfaction of all of the terms, conditions, and provisions set forth herein, Trustee, on behalf of herself and the Estate, their successors and assigns and all other persons claiming through or under Trustee and/or the Estate, or who could have claimed through or under Trustee or the Estate, past, present, and future (each a "Trustee Releasor"), unconditionally and forever fully and finally releases, acquits, and discharges Creditor and each of Creditor's  agents, servants, representatives, employees, proprietors, general partners, limited partners, members, managers, joint venturers, officers, directors, shareholders, subsidiaries, corporate parents, affiliates,

attorneys, predecessors, successors and assigns and all other persons claiming through or under Creditor, or who could have claimed through or under Creditor, past, present, and future (each a "Creditor Releasee"), from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative, including cross-claims, counter-claims, rights of set-off and recoupment), promises, obligations, losses, demands, damages, expenses, fees, liens, attorney's fees or costs and any and all liabilities that any Trustee Releasor has, had or may have in the future against any Creditor Releasee, of whatsoever nature and kind, whether known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, now existing or hereafter arising at law or in equity, in connection with, based upon, by reason of, relating to or arising from the Real Property, the Personal Property, and/or the Case, whether based in contract, in tort, or pursuant to any other theory of liability.

17. Upon the Order becoming final and non-appealable and Trustee's receipt of the Settlement Payment, in full, and except for the obligations and rights expressly set forth in this Stipulation, in consideration for the promises, agreements and covenants made in this Stipulation and upon satisfaction of all of the terms, conditions, and provisions set forth herein in this Stipulation, Creditor, on behalf of himself, and each of Creditor's agents, servants, representatives, employees, proprietors, general partners, limited partners, members, managers, joint venturers, officers, directors, shareholders, subsidiaries, corporate parents,

affiliates, attorneys, predecessors, successors and assigns and all other persons claiming through or under Creditor, or who could have claimed through or under Creditor, past, present, and future (each a "Creditor Releasor"), unconditionally and forever fully and finally releases, acquits, and discharges Trustee and the Estate and each of their respective agents, servants, representatives, affiliates, attorneys, predecessors, successors and assigns and all other persons claiming through or under Trustee and/or the Estate, or who could have claimed through or under Trustee and/or the Estate, past, present, and future (each a "Trustee Releasee"), from any and all actions, complaints, causes of action, claims (whether they be unsecured, secured, priority, and/or administrative, including cross-claims, counter-claims, rights of set-off and recoupment), promises, obligations, losses, demands, damages, expenses, fees, liens, attorney's fees or costs and any and all liabilities that any Creditor Releasor has, had or may have in the future against any Trustee Releasee, of whatsoever nature and kind, whether known or unknown, contingent or non-contingent, matured or unmatured, suspected or unsuspected, liquidated or unliquidated, disputed or undisputed, secured or unsecured, assertable directly or derivatively, now existing or hereafter arising at law or in equity, in connection with, based upon, by reason of, relating to or arising from the Real Property, the Personal Property, and the Case, whether founded in contract, in tort, or pursuant to any other theory of liability.

18. Waiver of Section 1542: Trustee and Creditor recognize, acknowledge, and waive the provisions of, and relinquish any rights and benefits afforded under, Section 1542 of the California Civil

Code, which provides as follows:

**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**

In waiving the provisions of Section 1542 of the California Civil Code, Trustee and Creditor each acknowledge that he/she may discover facts in addition to or different than those which he/she now believes to be true with respect to the matters released in this Stipulation, but agree that he/she has taken that possibility into account in reaching this Stipulation, and the releases given in this Stipulation shall remain in effect as a full and complete release notwithstanding the discovery or existence of such additional or different facts, as to which each party expressly assumes the risk.  Trustee and Creditor also expressly waive and relinquish any rights and benefits afforded under any other statutes or common law principles of similar effect of any other jurisdiction.

19.  The Court shall have sole and exclusive jurisdiction over any dispute between the parties, over the terms of this Stipulation, and over any transaction or event referenced or contemplated by this Stipulation.

Dated:  July 18, 2025                    TRUSTEE

Nancy Hoffmeier Zamora,
Chapter 7 Trustee

Nazaryan/stip. to resolve motions.                    12

Dated: July 18, 2025         CREDITOR

_____
Mehran Javaherian


APPROVED AS TO FORM AND CONTENT:

Dated: July 18, 2025         LAW OFFICES OF RAYMOND H. AVER,
                             A Professional Corporation


By: _____
    Raymond H. Aver
    Counsel for Creditor Mehran
    Javaherian

Nazaryan/stip. to resolve motions.                    13

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

**STIPULATION BY AND BETWEEN TRUSTEE AND CREDITOR MEHRAN JAVAHERIAN TO RESOLVE SALE MOTION AND MOTION FOR RELIEF FROM STAY**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 18, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov; Eryk R. Escobar, eryk.r.escobar@usdoj.gov
Trustee: Nancy Zamora, zamora3@aol.com, nzamora@ecf.axosfs.com
Counsel for Debtor: Anita Khachikyan, ak@khachlaw.com
Counsel for Creditors: Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com, katya@averlaw.com, jesus@averlaw.com; Sanaz Sarah Bereliani, berelianilaw@gmail.com, chris@berelianilaw.com, r48595@notify.bestcase.com; Shannon A. Doyle, sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com; Bruce P. Needleman, attybpn@aol.com; Elan S. Levey, elan.levey@usdoj.gov, julie.morales@usdoj.gov, caseview.ecf@usdoj.gov, usacac.tax@usdoj.gov
Counsel for Defendant Vanecian: Michael G. D'Alba, mgd@lnbyg.com

☐ Service information continued on attached page

**2.  SERVED BY UNITED STATES MAIL**:
On July 18, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's copy waived per Judge's procedures

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 18, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 9, 2025 | Cynthia Casas | /s/ Cynthia Casas |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**