NANCY HOFFMEIER ZAMORA (State Bar No. 137326)
U.S. Bank Tower
633 West 5th Street, Suite 2600
Los Angeles, California   90071
(213) 488-9411   FAX:  (213) 488-9418
e-mail: zamora3@aol.com

Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re | Case No. 1:25-bk-10617-MB |
| HOVHANNES NAZARYAN, | Chapter 7 |
| Debtor. | OPPOSITION TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE; SUPPORTING DECLARATION |
| | DATE: August 12, 2025 TIME: 11:00 a.m. CTRM: 303 [or by zoomgov] |

TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, UNITED STATES TRUSTEE, DEBTOR, ALL CREDITORS, AND OTHER INTERESTED PARTIES:

Nancy Hoffmeier Zamora, Chapter 7 Trustee ("Trustee") of the estate (the "Estate") in the above-referenced case (the "Case") of debtor Hovhannes Nazaryan ("Debtor"), files this opposition (the "Opposition") to Debtor's Motion to Dismiss Chapter 7 Case (the "Motion") [dkt. no. 89].

Pursuant to Local Bankruptcy Rule 9013-1(g), any reply to the Response must be filed with the Court and served on Trustee not later than 7 days prior to the hearing on the Motion.

. . . . .

Nazaryan\opp. to mtn. to dismiss.001

## I.   INTRODUCTION

Cause does not exist to dismiss the Case pursuant to 11 U.S.C. §707(a).  Creditors would be prejudiced by dismissal of the Case. Debtor has not met his burden of proof.

Trustee is administering assets in the Case.  Creditors have a right to orderly administration of the Estate's assets by Trustee as the Estate's fiduciary.  The claims bar date has passed and Trustee will have, at minimum, $120,000.00 in the Estate from the settlement payment (the "Settlement Payment") pursuant to the Javaherian Stipulation (defined below) and the Order Approving Stipulation (defined below).  From the Settlement Payment, a minimum of $40,000.00 is to be disbursed to creditors with timely-filed, allowed priority and general unsecured claims in the Case. Additionally, the remaining $80,000.00 from the Settlement Payment will pay allowed administrative fees, expenses and claims first, with any remaining balance of these funds available for unsecured creditors (with the exception of $1,000.00 to be paid to Debtor for a claimed exemption).

Debtor is serving a five-year sentence in federal prison, is unemployed, has no income, and no means by which to pay his creditors.  He provides no evidence of any ability to pay the administrative and unsecured claims in the Case and no agreements with any specific creditors regarding his debts.  In his bankruptcy schedules, Debtor disclosed insufficient assets from which to pay creditors outside of the Case.  There is no equity for Debtor or Debtor's brother, Artur Nazaryan ("Artur"), in the subject real property discussed in the Motion.  Debtor fails to provide any admissible evidence in support of the Motion.

2.

Nazaryan\opp. to mtn. to dismiss.001

## I.  FACTS

Trustee respectfully requests that the Court take judicial notice of the dockets in the Case and related adversary proceedings and all documents filed therein and, specifically, of all facts previously stated in the following pleadings and declarations in support of such pleadings:

A.   Trustee's opposition to Debtor's motion to compel abandonment [dkt. no. 21],

B.   Trustee's opposition to creditor Mehran Javaherian's ("Javaherian") motion for relief from the automatic stay [dkt. no. 52] and Trustee's supplemental opposition [dkt. no. 80],

C.   Trustee's motion to sell real property (the "Sale Motion") [dkt. no. 63] and Trustee's reply to Javaherian's opposition to the Sale Motion [dkt. no. 91];

D.   Trustee's motion for default judgment in adversary proceeding no. 1:25-ap-01025-MB (the "First AP") in which Artur Nazaryan is defendant [adv. dkt. no. 8]; and

E.   Stipulation by and Between Trustee and Creditor Mehran Javaherian to Resolve Sale Motion and Motion for Relief from Stay (the "Javaherian Stipulation") [dkt. no. 94].

Additional facts are set forth below.

1.   On June 25, 2025, in the First AP, the Court entered that certain Order Approving Motion for Default Judgment (the "Adversary Order") [adv. dkt. no. 14] and the default judgment (the "Default Judgment") [adv. dkt. no. 15].

2.   On July 18, 2025, the Court entered that certain order approving the Javaherian Stipulation (the "Order Approving

3.

Nazaryan\opp. to mtn. to dismiss.001

Stipulation").    On July 21, 2025, Javaherian wired the initial installment of $30,000.00 (the "Initial Installment") of the total Settlement Payment of $120,000.00 to the Estate bank account.

3.    Trustee estimates that on August 4 or 5, 2025, Javaherian will wire the final installment of $90,000.00 (the "Final Installment") of the Settlement Payment to the Estate bank account. Upon Javaherian's tender of the Final Installment, Javaherian will have relief from the automatic stay to complete a nonjudicial foreclosure sale of that certain real property commonly known as 24366 La Masina Court, Calabasas, California (the "Real Property").

4.    There is a second adversary proceeding, adversary proceeding no. 1:25-ap-01030-MB (the "Second AP"), that Trustee commenced and that is still pending.

5.    Debtor refused to appear for his continued meetings of creditors required by 11 U.S.C. §341(a) notwithstanding that Trustee confirmed arrangements with personnel at the U.S. Bureau of Prisons for Debtor to appear on July 21, 2025 and again on July 28, 2025.

6.    Based on Trustee's investigation, Debtor has not disclosed accurately all of his assets.  For example Debtor listed the fair market value of the Real Property as $2,800,000.00 when Trustee was able to negotiate an agreement to sell the Real Property for $4,675,000.00 as stated in the Sale Motion.

7.    Based on Trustee's investigation and the claims filed in the Case, Debtor has not disclosed accurately all of his debts and creditors.  For example, Debtor did not include debts he owed to the following creditors: L.A. County HERO Program, Los Angeles County Tax Collector, Los Angeles Police Federal Credit Union,

4.

Nazaryan\opp. to mtn. to dismiss.001

United States of America, Vista Pointe Homeowners Association, Southern California Gas Company, and California Franchise Tax Board ("FTB").

8.   Based on Trustee's investigation, Debtor has not completed accurately the Statement of Financial Affairs in the Case.  For example, Debtor did not include the transfer, on or about January 2, 2025, of certain real property in Studio City that is the subject of the Second AP.

9.   Trustee requested documents, including, but not limited to, tax returns and bank statements, that Debtor has not produced.

10.   Based on the Settlement Payment (less the $1,000.00 exemption to be paid to Debtor), Trustee's statutory fee is at least $9,200.00.  To date, Trustee's administrative expenses are approximately $33,000.00 and approximately $29,275.55 of these expenses have been paid from the Initial Installment.

11.   Trustee is to pay the Estate's broker $2,400.00 as stated in the Javaherian Stipulation and authorized by the Order Approving Stipulation. Trustee estimates that the fees of the Estate's special counsel, to date, are approximately $1,400.00.  Trustee estimates that the fees and expenses for the Estate's accountant will be approximately $4,200.00.

12.   The claims bar date was July 21, 2025.  October 14, 2025 is the bar date for government claims.  As of July 27, 2025, allowed timely-filed unsecured claims in the Case total $1,341,914.25 of which $16,896.20 is a priority unsecured claim filed by FTB.

. . . . .

. . . . .

5.

## III.    ARGUMENT

**A.    <u>Debtor Fails to Meet the Burden of Proof for Dismissal of the Case for Cause Under 11 U.S.C. §707(a)</u>.**

Although a debtor may voluntarily dismiss a chapter 7 case under 11 U.S.C. §707(a), a debtor's right to do so is not absolute and a debtor must establish cause. *Bartee v. Ainsworth (In re Bartee)*, 317 B.R. 362, 366 (9th Cir. BAP 2004). "The law in the Ninth Circuit is clear:  a voluntary Chapter 7 debtor is entitled to dismissal of his case so long as such dismissal will cause no 'legal prejudice' to interested parties." *Leach v. United States (In re Leach)*, 130 B.R. 855, 857 (9th Cir. BAP 1991) (citing *In re International Airport Inn Partnership,* 517 F.2d 510, 512 (9th Cir. 1975) (per curiam) (Bankruptcy Act case); *Gill v. Hall (In re Hall)*, 15 B.R. 913, 917 (9th Cir. BAP 1981). The issue of prejudice "may be evaluated using both legal and equitable considerations." *Hickman v. Hana (In re Hickman)*, 384 B.R. 832, 840 (9th Cir. BAP 2008).

As the moving party, Debtor bears the burden of proof "that there would be no legal prejudice resulting from the dismissal." *Id.* at 841. Ultimately, the decision to dismiss a chapter 7 case for cause rests within the sound discretion of the bankruptcy court. Id. at 840.

The Bankruptcy Appellate Panel in *In re Bartee* affirmed the bankruptcy court's decision denying the debtors' motion to dismiss their case because the chapter 7 trustee was administering assets for the benefit of creditors, there was no guarantee that debtors would pay their debts outside of bankruptcy, and "debtors' plan for liquidating assets was too speculative to establish the lack of

6.

prejudice that is a prerequisite to dismissal." *In re Bartee*, 317 B.R. at 366.

Similar to *Bartee*, the instant Case is a Chapter 7 asset case in which Trustee is administering assets and paying a distribution to unsecured creditors in addition to paying administrative fees and expenses. Debtor fails to provide any admissible evidence that he is paying creditors outside of the Case or that any creditors have any agreements with Debtor regarding any payments for satisfaction of his debts. Debtor provides no evidence that any creditors have consented to dismissal of the Case nor that an alternative exists to resolve his debts outside of the Case.

**B.**  **Dismissal of the Case Would be Prejudicial to Creditors of the Estate, Including Administrative Creditors**.

As discussed *supra*, creditors of the Estate will be prejudiced if the Court dismisses the Case as there is no evidence that Debtor can pay them any amount for their claims, in contrast to the distribution such creditors can expect from Trustee's orderly liquidation of the Estate's assets. Legal prejudice results if dismissal increases the creditors' risk of nonpayment. *In re Ritz*, 2023 Bankr. LEXIS 2873*, 2023 WL 8531369 (Bankr. D. AK 2023) (citations omitted). The Court in *Ritz* also held that debtors' failure to disclose their assets and cooperate fully with the trustee was an additional, independent basis to deny debtors' motion to dismiss their case. Id.

Based on the Settlement Payment, the Javaherian Stipulation, and the Order Approving Stipulation, creditors will receive a distribution in the instant Case, but there is no such expectation of any payments to creditors from Debtor if the Case is dismissed.

7.

Nazaryan\opp. to mtn. to dismiss.001

Similar to *Ritz*, Debtor has not cooperated fully in Trustee's administration and has not fully disclosed his assets, debts, creditors, and financial information in the instant Case.

Further, even if some creditors agreed to be paid outside of the Case, of which there is no evidence, the inquiry under 11 U.S.C. §707(a) requires the Court to consider the prejudice to all interested parties, not just a single creditor constituency. *See, In re Leach*, 130 B.R. at 857. For example, the pool of interested parties includes administrative claimants and the estate itself. *In re Kaur*, 501 B.R. 281, 286 (Bankr. E.D. Cal. 2014). *See, also, In re Hall*, 15 B.R. at 915 (trustee "has standing to object [to debtor's motion to dismiss] on the grounds that [Trustee's] fees, costs or expenses must be paid before the case may be dismissed."); *Stalnaker v. DLC, Ltd.*, 376 F.3d 819, 823-24 (8th Cir. 2004).

The bankruptcy court in *In re Kaur* found that the debtor in that case failed to meet her burden under Section 707(a) as she was unable to "show that administrative claimants and the estate would not be prejudiced by an outright dismissal of the case." *In re Kaur*, 501 B.R. at 286. The court denied the debtor's motion to dismiss. *Id.* at 289.

In the instant case, Debtor does not provide proof of funds to pay any creditors in the Case, including administrative creditors. Further, Debtor admits he and Artur have no equity in the Real Property and that the total amount of all liens secured by the Real Property exceeds the Real Property's current market value. Debtor's interest in the Real Property is property of the Estate and Artur's interest in the Real Property has been turned over to Trustee based on the Default Judgment. The Javaherian Stipulation

8.

and the Order Approving Stipulation provide for Trustee's transfer to Javaherian of the Estate's right, title and interest in the Real Property, including any right, title and interest that Artur may have had based on the Adversary Order and the Default Judgment. This transfer is in exchange for the Settlement Payment.  Debtor and Artur have no rights in the Real Property and, consequently, any suggestion that they could manage or dispose of the Real Property to pay creditors is an impossibility.

The Motion includes the absurd contention that dismissal "allows for greater recovery" to creditors than Trustee's administration of the Case without providing any dollar amounts, any details, any available funds, any unencumbered assets with substantial value, and any specific information about funds available to pay administrative and unsecured creditors.  No claims have been withdrawn and there is no evidence that any creditors have been paid, except for the administrative expenses Trustee paid from the Initial Installment pursuant to the Javaherian Stipulation and the Order Approving Stipulation.

**C.    There is No Administrative Waste in the Case**.

As to Debtor's argument regarding "administrative waste," there is no factual support.  Trustee has minimized administrative fees and expenses.  The costs and expenses to preserve and dispose of the Real Property pursuant to 11 U.S.C. §506(c) were calculated into, and are being paid from, the Settlement Payment.

At present, Trustee estimates administrative fees of approximately $17,200.00.   The Estate's real estate broker is receiving only $2,400.00.  The fees of the Estate's special counsel are approximately $1,400.00 to date.  Trustee has performed all

9.

other legal work in the Case herself. Trustee's statutory fee is $9,200.00 based on the Settlement Payment (less the $1,000.00 exemption on which Trustee's statutory fee is not calculated). The fees and expenses of the Estate's accountant are estimated to be approximately $4,200.00.

### III. CONCLUSION

Trustee respectfully requests that the Court deny the Motion, with prejudice.

DATED: July 28, 2025

/s/Nancy Hoffmeier Zamora
Nancy Hoffmeier Zamora
Chapter 7 Trustee

10.

Nazaryan\opp. to mtn. to dismiss.001

## **DECLARATION OF NANCY HOFFMEIER ZAMORA**

I, Nancy Hoffmeier Zamora, declare that:

1.    I am the duly-appointed, qualified, and acting chapter 7 trustee in the above-entitled case.  I am over the age of eighteen years.

2.    The following is within my own personal knowledge and, if called upon to testify, I could and would testify competently thereto.  The capitalized terms used herein have the meanings ascribed to them in the Opposition to Debtor's Motion to Dismiss Chapter 7 Case (the "Opposition") to which this declaration is attached unless otherwise defined.

3.    I reviewed the docket and pleadings filed in the Case, the claims register and claims filed in the Case, and other documents related to the subject of the Motion and the Opposition. I reviewed the dockets and pleadings filed in the related adversary proceedings.

4.    On June 25, 2025, in the First AP, the Court entered the Adversary Order and the Default Judgment.

5.    On July 18, 2025, I filed the Javaherian Stipulation and the Court entered the Order Approving Stipulation.  On July 21, 2025, Javaherian wired the Initial Installment of the Settlement Payment to the Estate bank account.

6.    I estimate that on August 4 or 5, 2025, Javaherian will wire the Final Installment of the Settlement Payment to the Estate bank account.  Upon Javaherian's tender of the Final Installment, he will have relief from the automatic stay to complete a nonjudicial foreclosure sale of the Real Property.

. . . . .

11.

Nazaryan\opp. to mtn. to dismiss.001

7.    I commenced the Second Adversary Proceeding that is still pending.

8.    Debtor refused to appear for his continued meeting of creditors required by 11 U.S.C. §341(a) notwithstanding that I confirmed arrangements with personnel at the U.S. Bureau of Prisons for Debtor to appear on July 21, 2025 and again on July 28, 2025.

9.    Based on my investigation, Debtor has not disclosed accurately all of his assets.  For example Debtor listed the fair market value of the Real Property as $2,800,000.00 when I was able to negotiate an agreement to sell the Real Property for $4,675,000.00 as stated in the Sale Motion.

10.   Based on my investigation and the claims filed in the Case, Debtor has not disclosed accurately all of his debts and creditors.  For example, Debtor did not include debts he owes to the following creditors: L.A. County HERO Program, Los Angeles County Tax Collector, Los Angeles Police Federal Credit Union, United States of America, Vista Pointe Homeowners Association, Southern California Gas Company, and FTB.

11.   Based on my investigation, Debtor has not completed accurately the Statement of Financial Affairs in the Case.  For example, Debtor did not include the transfer, on or about January 2, 2025, of certain real property in Studio City that is the subject of the Second AP.

12.   I requested documents, including, but not limited to, tax returns and bank statements, that Debtor has not produced.

13.   Based on the Settlement Payment (less the $1,000.00 exemption to be paid to Debtor), my statutory trustee fee is at least $9,200.00.  To date, my administrative expenses for the

12.

Estate are approximately $33,000.00 and approximately $29,275.55 of these expenses have been paid from the Initial Installment.

14. I am authorized to pay the Estate's broker $2,400.00 as stated in the Javaherian Stipulation and the Order Approving Stipulation. I estimate that the fees of the Estate's special counsel, to date, are approximately $1,400.00. I estimate that the fees and expenses for the Estate's accountant will be approximately $4,200.00.

15. The claims bar date was July 21, 2025. October 14, 2025 is the bar date for government claims. As of July 27, 2025, allowed timely-filed unsecured claims in the Case total $1,341,914.25 of which $16,896.20 is a priority unsecured claim filed by FTB.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July 28, 2025 at Los Angeles, California.

Nancy Hoffmeier Zamora

13.

Nazaryan\opp. to mtn. to dismiss.001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

U.S. Bank Tower, 633 West 5th Street, Suite 2600, Los Angeles, CA 90071

A true and correct copy of the foregoing document entitled (*specify*):

**OPPOSITION TO DEBTOR'S MOTION TO DISMISS CHAPTER 7 CASE; SUPPORTING DECLARATION**

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 28, 2025, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee: United States Trustee (SV), ustpregion16.wh.ecf@usdoj.gov; Eryk R. Escobar, eryk.r.escobar@usdoj.gov
Trustee: Nancy Zamora, zamora3@aol.com, nzamora@ecf.axosfs.com
Counsel for Debtor: Anita Khachikyan, ak@khachlaw.com
Counsel for Creditors: Raymond H. Aver ray@averlaw.com, averlawfirm@gmail.com;ani@averlaw.com, katya@averlaw.com, jesus@averlaw.com; Sanaz Sarah Bereliani, berelianilaw@gmail.com, chris@berelianilaw.com, r48595@notify.bestcase.com; Shannon A. Doyle, sdoyle@ghidottiberger.com, bknotifications@ghidottiberger.com; Bruce P. Needleman, attybpn@aol.com; Elan S. Levey, elan.levey@usdoj.gov, julie.morales@usdoj.gov, caseview.ecf@usdoj.gov, usacac.tax@usdoj.gov
Counsel for Defendant Vanecian: Michael G. D'Alba, mgd@lnbyg.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On July 28, 2025, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Judge's copy waived per Judge's procedures

☐ Service information continued on attached page

**3.  SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on July 28, 2025, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| July 28, 2025 | Cynthia Casas | /s/ Cynthia Casas |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                              **F 9013-3.1.PROOF.SERVICE**